**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM BURCH, | ) Case No. CV 18-5899-FMO (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| CHARLES W. CALLAHAN, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, proposed First Amended Petition,[1] records on file, and Report and Recommendation of U.S. Magistrate Judge. On November 19, 2020, Petitioner, through counsel, filed objections to the R. & R. Respondent did not respond to the objections or file any of his own.

Petitioner's objections mostly simply repeat arguments from his motion for leave to amend and reply, continuing to conflate procedural default with the AEDPA time bar and postconviction and

---

[1] Petitioner mistakenly filed the proposed First Amended Petition as a separate document instead of lodging it or attaching it as an exhibit to his motion for leave to amend.

collateral review with direct appeal.[2]  For the reasons stated in the R. & R., Petitioner's objections are not well taken.

Having reviewed de novo those portions of the R. & R. to which Petitioner objected, the Court accepts the findings and recommendations of the Magistrate Judge.  It therefore is ORDERED that Petitioner's motion for leave to file a first amended petition is granted in part and that no later than 45 days from the date of this Order, Respondent must file an Answer to grounds three and five of the FAP as well as the part of ground six that derives from those two claims.

DATED: December 15, 2020

/s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

---

[2] Petitioner seems to think that the word "postconviction" encompasses direct appeal. (See, e.g., Objs. at 6.)  It does not. Rather, because a conviction does not become final until the conclusion of any direct appeal, it refers to a form of collateral review.  See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 556 (1987) (noting that criminal defendants have no right to counsel on discretionary direct appeal and stating that rule "appl[ies] with even more force to postconviction review"); Reed v. Ross, 468 U.S. 1, 8 n.5 (1984) (noting that in some states, "errors that could have been raised on appeal" but were not "may not be raised for the first time in postconviction proceedings").